# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**STEPHEN A. HODGSON,**
      **Plaintiff,**

**vs.**                  **Case No.:  5:10cv86/RS/MD**

**IAP READINESS MANAGEMENT SUPPORT,**
      **Defendant.**
_____

## REPORT AND RECOMMENDATION

      This action originates from an arbitration proceeding conducted between plaintiff and defendant[1] before an American Arbitration Association arbitrator.  (Doc. 1, p. 2; Doc. 14, Lipowitz Aff., Ex. A).   The underlying dispute concerns the defendant's alleged breach of an employment contract with plaintiff.  (*Id*.).   The defendant moved for summary judgment in the arbitration proceeding.  (Doc. 14, Lipowitz Aff., Ex. A).   On January 25, 2010, the arbitrator issued an eight-page Opinion and Award of Arbitrator in which she found in favor of the defendant and against the plaintiff.  (*Id*.).

      On April 21, 2010, plaintiff sought to vacate the arbitrator's award by filing a Complaint in this court.  (Doc. 1, p. 1 ¶ 2).[2]  Because plaintiff erroneously identified

---

[1]In the arbitration proceeding, the defendant was identified as "IAP, Readiness Mgt. Support." (Doc. 14, pp. 11-20).  The defendant has advised the court that Readiness Management Support, L.C. is a wholly owned subsidiary of IAP Worldwide Services, Inc. , and that in naming the defendant  as a single entity plaintiff has "confused and conflated" the two.   (Doc. 14, p. 1 n. 1).  For purposes of this Report and Recommendation, references to the defendant will be to "IAP."

[2]In his Complaint, plaintiff asserts jurisdiction under 28 U.S.C. § 1332, (doc. 1, p. 1 ¶ 3) and describes this cause of action as involving two "issues":  (1) the defendant's alleged breach of an employment contract with plaintiff, and (2) "[t]he Arbitrator exceeded authority by issuing a 'Summary Judgment' without a hearing, thereby refusing or neglecting to hear pertinent evidence."  (*Id*., p. 2).

his initial pleading as a Complaint (doc. 1, p. 1 ¶ 2 and p. 3), the case was treated by both parties and the court as a new civil litigation. On July 28, 2010 the defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that this action is time-barred under the Federal Arbitration Act, 9 U.S.C. § 12. (Doc. 14). Defendant alternatively sought dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint failed to allege any proper grounds for vacating the arbitrator's award under 9 U.S.C. § 10. (Doc. 14). Plaintiff responded in opposition to dismissal. (Doc. 18).

On August 20, 2010, the undersigned issued an Order and Notice. (Doc. 19) The Order advised the parties that the Federal Arbitration Act ("FAA") and the law of this Circuit required the court to treat plaintiff's Complaint as a Motion to Vacate an arbitration award. *See* 9 U.S.C. § 6 (providing that actions to challenge or confirm arbitration awards "shall be made and heard in the manner provided by law for the making and hearing of motions."); *O.R. Securities, Inc. v. Prof'l Planning Associates, Inc.*, 857 F.2d 742, 745-46 (11th Cir. 1988) (holding that the proper procedure for a party seeking to vacate an arbitration award is to file a motion to vacate in the district court); *id.* at 746 (reviewing district court's disposition of the case (where the plaintiff filed a complaint and the defendant filed a motion to dismiss) as though the plaintiff had filed a motion to vacate and the defendant had opposed that motion) (citing *Sacks v. Reynolds Securities, Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978) ("The liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.")). Correspondingly, the parties were advised that defendant's motion to dismiss (doc. 14) would be treated as a Response in Opposition to the Motion to Vacate, and that plaintiff's response (doc. 18) would be treated as a Reply.

The Order and Notice informed the plaintiff that, as the moving party, he bore

---

Plaintiff seeks $185,000 in damages and to "[v]acate the Summary Judgment of the AAA Arbitrator." (*Id*.).

the burden of showing that he was entitled to judicial review of the award (*e.g.*, that he met all statutory preconditions to review, including providing timely notice to the defendant), and that the award should be vacated. Fed. R. Civ. P. 7; 9 U.S.C. § § 10, 12; *see also Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998) ("[Plaintiff], as the moving party, bears the burden of setting forth sufficient grounds to vacate the arbitration award."); *O.R. Securities*, 857 F.2d at 745-46 (clarifying that the burden is on the moving party to allege a sufficient basis to support his claims for relief). The parties were also advised that plaintiff's Motion to Vacate, defendant's Response, and plaintiff's Reply would be taken under advisement by the undersigned on September 3, 2010, and that because the court did not contemplate scheduling a hearing on plaintiff's Motion, the parties should file and serve affidavits and any other documents or materials authorized to be filed under the Federal Rules of Civil Procedure prior to that date. *See* Fed. R. Civ. P. 43 (providing that the court may hear a motion on affidavits); Fed. R. Civ. P. 78 (providing that the court may determine a motion on the briefs). In response, plaintiff has filed an affidavit and documents addressing the merits of his claims. (Doc. 20). His response does not address the timeliness issue. For the reasons that follow, the undersigned recommends that plaintiff's Complaint, construed as a Motion to Vacate the arbitration award under 9 U.S.C. § 10, be denied.

## DISCUSSION

### Timeliness

One of the bases of defendant's opposition to plaintiff's Motion to Vacate centers on its timeliness, or the lack thereof. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The law is well-settled that "[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial

review of the award." *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) (citation omitted); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981) (same); *see also Wallace v. Buttar*, 378 F.3d 182 (2nd Cir. 2004) (holding that "a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run") (citation omitted); *T. McGann Plumbing, Inc. v. Chicago Journeymen Plumbers' Local 130, U.A.*, 522 F.Supp.2d 1009, 1014 (N.D. Ill. 2007) (holding that "a party is barred from challenging an arbitration award if he does not do so within the applicable statute of limitations period"); *Kruse v. Sands Brothers & Co.*, 226 F.Supp.2d 484, 486 (S.D. N.Y. 2002) (explaining that there is no exception to the FAA's three-month limitation period, and that there is good reason for so limiting challenges to arbitration awards); *Federated Rural Elec. Ins. Exch. v. Nationwide Mut. Ins. Co.*, 134 F.Supp.2d 923, 932 (S.D. Ohio 2001) (holding that "Nationwide did not challenge the 1996 arbitration award within the FAA's three-month statute of limitations. Therefore, it may not challenge the award now or anytime in the future.").

In the instant case, the defendant asserts that the limitations period began to run on January 25, 2010, the date the award issued. (Doc. 14, p. 8). The defendant has submitted a copy of the arbitration award bearing that date. (Doc. 14, Lipowitz Aff., Ex. A). Plaintiff does not maintain, nor has he submitted evidence demonstrating, that the award was filed or delivered on a later date. Therefore, in order to be timely, plaintiff was required to serve notice of this action on the defendant or his attorney by April 25, 2010.

Plaintiff filed his Motion to Vacate in this court on April 21, 2010. (Doc. 1). The last page of the Motion contains the following statement: "I hereby state that I am mailing by Certified Mail an exact copy of this Complaint to the Defendant's attorney, Ford and Harrison. Certified on this date, April 19, 2010 by [plaintiff's signature]." (Doc. 1, p. 3). Defendant's attorney in the arbitration proceeding – Edmund McKenna – is defendant's present counsel. (Doc. 14, Lipowitz Aff., Ex. B). Mr. McKenna

asserts that as of July 28, 2010 (the date defendant's Response was filed), he had not been served with a copy of plaintiff's Motion to Vacate. (Doc. 6, p. 1; Doc. 14, p. 8). Although plaintiff has had two opportunities to submit evidence showing that he did serve either a copy of his Motion to Vacate, or some other notice of this proceeding on defendant's attorney by April 25, 2010, plaintiff has submitted nothing on the timeliness issue. Specifically, no "Return Receipt" of the claimed Certified Mail posting of April 19, 2010 has been produced. (Docs. 18, 20). Therefore, plaintiff does not maintain, nor has he submitted evidence demonstrating, that he served defendant's attorney with notice of this lawsuit by April 25, 2010.

The defendant, IAP, states that as of July 28, 2010 it had not been served with a copy of plaintiff's Motion to Vacate, although on July 3, 2010, the defendant received from plaintiff a copy of the form for consenting to trial by magistrate judge entitled "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge." (*Id.*, Lipowitz Aff.). But that form merely provided notice of a magistrate judge's availability to conduct the proceedings in this case , not notice that plaintiff had moved to vacate the arbitration award. Furthermore, the Notice was not served on the defendant within the three-month limitations period. Again, plaintiff does not maintain, nor has he submitted evidence demonstrating, that he served IAP with notice of this litigation on or before April 25, 2010.

Because the record before the court demonstrates that plaintiff failed to comply with the three-month limitations period established by 9 U.S.C. § 12, plaintiff's Motion to Vacate should be denied as untimely, and this action dismissed.[3]

---

[3]Because plaintiff's initial pleading was erroneously titled and docketed as a Complaint, this court issued an Order on April 27, 2010 – two days after the limitations period expired – directing issuance of a summons and advising plaintiff that it was his responsibility to serve the summons and Complaint in the time and manner prescribed by Federal Rule of Civil Procedure 4. (Doc. 3). The court has considered whether this Order could have caused plaintiff to miss the August 25, 2010 deadline, but has determined that it could not, because it issued after the limitations period expired. Moreover, in order for this circumstance to equitably toll the limitations period, plaintiff would have to establish diligence, which he has not done.

The court has also reviewed plaintiff's assertions in his motion to re-issue summons (doc. 13)

**Plaintiff Has Not Met His Burden of Showing That the Award Should Be Vacated**

Even if the court considered the merits of plaintiff's request to vacate the arbitration award, this case should be dismissed because plaintiff has failed to allege sufficient bases to support his claims for relief.

Plaintiff, as the moving party, bears the burden of setting forth sufficient grounds to vacate the arbitration award. *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998) (citing *O.R. Secutiries*, 857 F.2d at 746). The FAA specifies the following grounds for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means.
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause show, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2009). Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

The court has carefully considered all of plaintiff's submissions – his Motion to Vacate (doc. 1), his Reply (doc. 18) and his submission in response to the court's Order and Notice (doc. 20) – to determine whether plaintiff has met his burden.

---

and motion to extend time for service of summons (doc. 12) for any indication that plaintiff attempted to serve notice of this litigation prior to expiration of the April 25, 2010 deadline. (*See also* Doc. 20, p. 1 ¶ 4). These documents indicate that plaintiff first attempted to serve a copy of his Complaint/Motion to Vacate on the defendant on July 6, 2010. (Doc. 12, p. 2). This is well after the limitations period expired.

*Case No: 5:10cv86/RS/MD*

Plaintiff's Motion to Vacate contains a single contention: that the award should be vacated because the arbitrator "exceeded authority by issuing a 'Summary Judgment' without a hearing, thereby refusing or neglecting to hear pertinent evidence." (Doc. 1, p. 2). Plaintiff's Reply reiterates that contention and asserts that the arbitrator's "sudden issuance of a Summary Judgment without ever having conducted a hearing at which the plaintiff could present his evidence" provides conclusive evidence that the arbitrator refused to hear evidence pertinent and material to the controversy. (Doc. 18, p. 1). Plaintiff argues that had the arbitrator conducted a hearing, he could have presented "significant evidence in the form of documents," could have "readily arranged for adverse witnesses to be interviewed by telephone," and could have summoned local witnesses to testify at a hearing. (*Id*.). Plaintiff further asserts that after the arbitrator was selected, the defendant's attorney "admitted to having an acquaintance with the Arbitrator as a reuslt of his office being located in the same building as the Arbitrator's office," and that plaintiff and his then-attorney found this to be an "item . . of interest." (Doc. 18, p. 1). Plaintiff states that he "cannot know the extent nor closeness of this relationship, but does assert that had this been made known in advance of selecting the Arbitrator, we would not have agreed to use of this Arbitrator." (*Id*.). Finally, in response to this court's Order and Notice, plaintiff has submitted an Affidavit and supporting documents. (Doc. 20). This evidence goes not to the conduct of the arbitrator, but to the merits of plaintiff's underlying claim that the defendant breached an employment contract with plaintiff and terminated him without sufficient reason.

To the extent plaintiff attacks the arbitration award on the grounds that the arbitrator was guilty of misconduct because she used a summary procedure, plaintiff fails to state a plaubile basis to vacate the arbitration award. Courts that have addressed this argument have held that summary judgment is permissible in arbitration. *See Scott*, 141 F.3d at 1017 ("[T]he FAA permits arbitration to proceed

with only a summary hearing and with restricted inquiry into factual issues. The arbitrator need only give each party *the opportunity* to present its arguments and evidence.") (internal quotation marks and citation omitted); *Campbell v. American Family Life Assurance Co. of Columbus, Inc.*, 613 F.Supp.2d 1114 (D. Minn. 2009) (rejecting the plaintiff's "blanket assertion" that summary judgment in arbitration governed by the FAA and the American Arbitration Association's Rules is impermissible); *Sherrock Bros., Inc. v. DaimlerChrysler Motors Co., LLC*, 260 Fed. Appx. 497, 502 (3rd Cir. 2008) ("We will decline to find the arbitrators' decision to grant summary judgment irrational where they concluded no disputed facts were present and the disposition was based on legal doctrines that were resolved on written submission."); *see also* Am. Arbitration Ass'n Employment Arbitration Rule 27 (effective November 1, 2009) (The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.") (available at http://www.adr.org/sp.asp?id=32904).

Moreover, the record demonstrates that plaintiff was provided notice of the summary proceeding and did not object, and that he was also provided notice of defendant's motion for summary judgment and the opportunity to present arguments and evidence in response to that motion. Specifically, the scheduling order issued in the arbitration proceeding advised the parties that dispositive motions were permitted. (Doc. 14, Ex. B). The defendant filed a dispositive motion – a motion for summary judgment – within the deadline imposed by the scheduling order. (Doc. 14, Ex. A). The defendant submitted evidence in support of its motion, including documentary evidence, deposition transcript excerpts and an affidavit of plaintiff's supervisor. (*Id.*, Ex. A, p. 1). Plaintiff had the opportunity to, and did file a response, but he submitted no documents or other evidence (such as affidavits of witnesses) to the arbitrator. (*Id.*, p. 2). In an abundance of caution and to "confirm that she had reviewed any applicable materials," the arbitrator supplemented the

record to include two documents which one or both of the parties referenced in their submissions but failed to attach. (*Id.*). The arbitrator expressly noted in her Opinion that plaintiff "provided the Arbitrator with no testimony, documents or any other evidentiary material supporting his position in an attempt to establish a genuine issue of material fact for hearing." (*Id.*). Thus, it is evident that plaintiff knew a dispositive motion could be filed prior to the final arbitration hearing; that plaintiff was given notice of defendant's motion for summary judgment and an opportunity to present arguments and evidence in response; and that plaintiff's response was considered by the arbitrator. Plaintiff does not assert that he attempted to submit additional evidence (such as the documents and witness affidavits he now references), but was precluded from doing so by the arbitrator. In light of the foregoing, the court finds that plaintiff has not met his burden of setting forth a sufficient basis under 9 U.S.C. § 10(a)(3) to vacate the arbitration award. Therefore, this aspect of plaintiff's Motion to Vacate should be denied.

For purposes of thoroughness, the court will address plaintiff's assertion that the arbitrator was "acquainted"with the defendant's attorney by virtue of her office being in the same building as his. Plaintiff does not expressly state an allegation of partiality under 9 U.S.C. § 10(a)(2) based on this "acquaintance." Even if he did seek relief under that subsection, he has not alleged a sufficient basis to support that claim for relief.

"[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) (citing *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995), *modified on other grounds*, 85 F.3d 519 (11th Cir. 1996), and *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1202 (11th Cir. 1982)). The party moving to vacate the arbitration award "must present evidence

that would support a 'reasonable impression of partiality' on the arbitrator's behalf." *Scott*, 141 F.3d at 1015 (citing *Lifecare*, 68 F.3d at 433). The assertion of partiality must be "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Levine*, 675 F.2d at 1202 (citation omitted). "[S]tanding alone, the fact that an arbitrator . . . had previous contacts with counsel for one of the parties does not suggest evident partiality." *University Commons-Urbana, Ltd. v. Universal Constructors, Inc.*, 304 F.3d 1331, 1340 (11th Cir. 2002).

The plaintiff's assertion in this case is far from being "direct, definite and capable of demonstration." Indeed, plaintiff admits he has no indication whatsoever that the arbitrator's relationship with the defendant's attorney was anything other than as described – a mere knowledge of one another due to their offices being in the same building. (Doc. 18, p. 1). Because plaintiff's assertion amounts to precisely the type of vague, remote, and speculative charge that cannot justify vacating an arbitration award, this aspect of plaintiff's Motion should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's Complaint, construed as a Motion to Vacate the arbitrator's January 25, 2010 award (doc. 1) be DENIED, and this case DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of September, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:10cv86/RS/MD*